**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHERWOOD BROWN and LA CHRIS BROWN, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES GOVERNMENT / BUREAU )<br>OF INDIAN AFFAIRS, )<br>)<br>Defendants. ) | Case No. CIV-07-1223-M |

## ORDER

Before the Court are defendants United States of America and the Bureau of Indian Affairs ("BIA") with a motion to dismiss complaint [docket no. 25], filed June 6, 2008. On June 9, 2008, plaintiffs filed their response, and on June 20, 2008, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   BACKGROUND

On November 2, 2007, plaintiffs commenced this *pro se* action against defendants. Plaintiffs allege this action is a "Governmental Tort Act" case and appear to allege through their attachments that a civil rights violation was committed by employees of the Chi-Hullo-Li Residential Treatment Center ("Center") operated by the Choctaw Nation. Defendants now move to dismiss the Complain under Federal Rules of Civil Procedure 8(a), 12(b)(6) and 12(b)(1) for the following reasons: (1) the failure to set forth a short and plain statement of jurisdiction and entitlement to relief, (2) the failure to state a claim upon which relief can be granted, (3) the lack of subject matter jurisdiction over the United States and federal agencies in a *Bivens* suit or under 42 U.S.C. § 1983, (4) the failure to file an administrative tort claim, a jurisdictional prerequisite to filing a lawsuit under the Federal Tort

Claims Act, and (5) plaintiffs are now time-barred from bringing a tort claim.[1]

## II.   DISCUSSION

The first ground for defendants' motion to dismiss is premised upon the failure of plaintiffs' Complaint to set forth a short and plain statement of jurisdiction and entitlement to relief. It is well-established that Federal Rule of Civil Procedure 8(a) requires a short and plain statement of: (1) the grounds for the Court's jurisdiction, (2) the claim showing entitlement to relief, and (3) demand for the relief sought. The Court recognizes that "[w]hile pro se pleadings are construed liberally, [plaintiffs'] pro se status does not excuse obligation to comply with fundamental requirements of the Federal Rules of Civil Procedure...." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).   In the two-paragraph Complaint, it is asserted that plaintiff Sherwood Brown was turned away from the Chi-Hullo-Li Residential Treatment Center ("Center") due to her Seminole Freedman heritage after being approved for acceptance for drug treatment. Plaintiffs further assert that as a result of the "tort act by Government agency... [plaintiff Sherwood Brown] received [a] much heavier criminal sentence," when she reported back to state court not enrolled in the drug treatment program.

Having reviewed the parties' submissions and the Complaint, the Court finds that the Complaint is sufficiently vague and incomprehensible that defendants could not have discerned the claims or prepare a defense. Not only is the Complaint vague, ambiguous and imprecise, the Court finds that the Complaint clearly lacks the required short and plain statement demonstrating jurisdiction and entitlement to relief. Specifically, plaintiffs cite no statutory scheme nor

---

[1] Because the Complaint is deficient under Federal Rules of Civil Procedure 8(a), the Court will not review the remaining bases for dismissal.

jurisdictional statute and fail to set forth any basis for jurisdiction. As such, the Court finds the Complaint insufficient to give the opposing parties fair notice of the basis of the claims to allow them to respond to the Complaint.

III.     CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS the motion to dismiss.

**IT IS SO ORDERED this 12th day of February, 2009.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE